UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAM PLOTCH,

                              Plaintiff,                      **COMPLAINT**

    -against-                                                                **Docket No.**

NATIONSTAR MORTGAGE HOLDINGS
INC. d/b/a MR. COOPER,

                              Defendant.
-----------------------------------------------------------------X

        Plaintiff, Adam Plotch ("**Plaintiff**"), by and through his attorneys, Rosenberg Fortuna & Laitman, LLP, as and for his Complaint against Defendant Nationstar Mortgage Holdings Inc. d/b/a Mr. Cooper, hereby alleges as follows:

## NATURE OF ACTION

        1.    This case concerns a contract of sale for a proprietary lease and shares of a corporation appurtenant to a cooperative apartment. The contract was executed to memorialize the results of a non-judicial auction of the shares and lease ostensibly conducted by Defendant.

        2.    Notwithstanding that Plaintiff executed a Memorandum of Sale, tendered the deposit in certified funds, and is ready, willing and able to close, Defendant purported to unilaterally terminate the Memorandum of Sale without justification and refuses to perform the Memorandum of Sale by tendering the cooperative apartment shares and appurtenant proprietary lease. Plaintiff seeks to compel a closing and fulfillment of both parties' obligations under the Memorandum of Sale.

## PARTIES

        3.    Plaintiff Adam Plotch is a natural person who maintains a residence within the County of New York, State of New York.

4. Plaintiff is a citizen of New York.

5. Upon information and belief, Defendant Nationstar Mortgage Holdings Inc. d/b/a Mr. Cooper ("**Defendant**") is a corporation organized under the laws of the State of Delaware with a principal place of business in the County of Dallas, State of Texas.

6. Upon information and belief, Mr. Cooper is a citizen of the State of Texas.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over the subject matter of this action under 28 USC 1332(a)(1) because the matter in controversy and intended benefit are the value of the right being protected and the injury being averted exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. Venue in this district is appropriate pursuant to 28 USC 1391 as the Southern District of New York is the district where a substantial part of the property that is the subject of the action is situated and/or is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. On February 15, 2022, Plaintiff attended a non-judicial auction sale of 240 shares of 57-65 West 93 Corp., and the accompanying proprietary lease, appurtenant to apartment 3F in 57 West 93rd Street, New York, New York (the "**Shares and Lease**").

10. Plaintiff tendered a bid of $129,000.00 for the Shares and Lease, and was declared the successful bidder.

11. Plaintiff then executed a Memorandum of Sale memorializing his right to purchase the Shares and Lease for $129,000.00 and Defendant's obligation to deliver the Shares and Lease to Plaintiff (the "**Memorandum of Sale**").

12. In furtherance of the successful bid, Plaintiff tendered a deposit (the "**Deposit**") amounting to 10% of the successful bid, or $12,900.00 (the "**Successful Bid**").

13. At all pertinent times, Plaintiff has been willing, ready and able to tender the balance of the Successful Bid and fulfill its obligations under the Memorandum of Sale.

14. Defendant has refused and continues to retract its unilateral and unlawful termination of the Memorandum of Sale.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Specific Performance)

15. Plaintiff repeats and reiterates each and every response contained in the paragraphs set forth above as if more fully set forth at length herein.

16. Plaintiff (a) was the successful bidder at an auction for the Shares and Lease; (b) signed and executed a Memorandum of Sale in memorialization of the same, (which Memorandum of Sale constitutes a contract); and (c) has not been given the opportunity to perform its obligations, realize the benefit of its bargain, and close.

17. Plaintiff has performed all of the obligations of the Memorandum of Sale to be performed on its part, except to the extent prevented or frustrated by Defendant or its agents.

18. Defendant breached the Memorandum of Sale by unilaterally and without justification terminating the Memorandum of Sale in contravention of the Memorandum of Sale.

19. Defendant has a contractual obligation to accept Plaintiff's tender of the balance of the Successful Bid and close.

20. Accordingly, Plaintiff seeks judgment compelling Defendant to accept Plaintiff's tender of the balance of its Successful Bid and perform its obligations under the Memorandum of Sale.

21. Plaintiff is ready, willing and able to purchase the Shares and Lease for the price and upon the terms and conditions set forth in the Memorandum of Sale and to perform all the terms and conditions of the Memorandum of Sale to be performed on Plaintiff's part.

22. Plaintiff has no adequate remedy at law.

23. As a result of the foregoing breach of the Memorandum of Sale, Plaintiff is entitled to a judgment ordering and decreeing Defendant to specifically perform the Memorandum of Sale by delivering the Shares and Lease to Plaintiff in the form required by the Memorandum of Sale upon Plaintiff's tender of the balance of the purchase price payable under the Memorandum of Sale, and, specifically, to perform all other terms and conditions of the Memorandum of Sale to be performed on the part of Defendant.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant ordering and decreeing Defendant specifically to perform the Memorandum of Sale by delivering the Shares and Lease to Plaintiff in the form required by the Memorandum of Sale upon Plaintiff's tender of the balance of the purchase price payable under the Memorandum of Sale, and specifically to perform all other terms and conditions of the Memorandum of Sale to be performed on the part of Defendant, together with the costs and disbursements of this action.

Dated: Garden City, New York
June 15, 2022

**ROSENBERG FORTUNA & LAITMAN, LLP**

By: *Anthony R. Filosa*

**ANTHONY R. FILOSA**
Attorneys for **Plaintiff**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666
(AT1184)